UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| LAURA HATFIELD,<br>    Plaintiff,<br><br>v.<br><br>CABINET FOR HEALTH AND FAMILY SERVICES, et al.,<br>    Defendants. | Civil No. 5: 13-222-KKC<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon the motion of the defendants Cabinet for Health & Family Services ("CHFS"), CHFS Secretary Audrey Haynes, CHFS Supervisor Bruce Linder, CHFS Supervisor Teresa James, CHFS Social Worker Elouise Bailey, and CHFS Deputy General Counsel Mona Womack to dismiss the complaint. [R. 6] Plaintiff Laura Hatfield has filed her response[1] [R. 8] to which the defendants have replied [R. 11]. This matter is therefore ripe for decision.

**I**

Plaintiff Laura Hatfield is a resident of Irvine, Kentucky. On July 15, 2012, Hatfield filed her complaint against the defendants arising out of state court visitation and custody proceedings involving her minor stepchild.[2] Hatfield alleges that on July 17, 2012, a family court judge in Estill County, Kentucky, ordered that Hatfield "could only have limited, supervised contact with my

---

[1] In addition to her response and after the defendants filed their reply, Hatfield filed a Reply Memorandum in which she requested the opportunity to file a shortened version of her initial 117-page response [R. 8] in order to comply with the Court's 40-page limitation contained in LR 7.1, and which included an additional 10 pages of argument. The Clerk has docketed this document as both a Reply Memorandum [R. 12] and as a Motion to Re-Submit Response [R. 13]. The Court will deny the Motion to Re-Submit Response [R. 13], because the Court has reviewed her response [R. 8] notwithstanding its length in excess of that permitted by the Court's local rules. However, the Court will order her Reply Memorandum stricken from the record, as its filing directly contravenes the Court's September 3, 2013, Order [R. 7] and constitutes a sur-reply unauthorized by LR 7.1.

[2] At the direction of the Court, on August 13, 2013, Hatfield filed an amended complaint stating identical claims as the original complaint but referring to her minor stepchild only by her initials. [R. 5] The Court has previously dismissed without prejudice all claims asserted on behalf of M.E., as Hatfield lacks standing to assert them. [R. 7]

1

stepchild, ME, ..." [R. 5, p. 3] Hatfield contends that this decision was based upon false statements by CHFS social worker Bailey, who testified that Hatfield had failed to ensure that M.E. received proper medical care, that Hatfield had committed an assault in an earlier proceeding, and that on a prior occasion she had seen M.E. with bruising on her face. Hatfield alleges that the child's biological mother, Ravonda Russell, conspired with Bailey to present this false testimony, but makes no specific factual allegations to support this claim. Hatfield indicates that she was not permitted to testify or otherwise participate in the hearing, and could not appeal because she was not a party to the case, which involved her husband Larry Hatfield and Russell, his ex-wife. [R. 5, pp. 3-5]

In her complaint, Hatfield further alleges that she provided the remaining CHFS defendants, including the Secretary and two supervisors, with information indicating that Bailey was continuing to make false statements about her in judicial proceedings throughout 2012 and 2013, but that they negligently failed to supervise Bailey. She further alleges that they were not responsive or helpful to her complaints, and that they failed to turn over documents which she had sought under Kentucky's Open Records Act. [R. 5, pp. 6-13] Hatfield contends these actions violated her right to due process under the Fourteenth Amendment and the Kentucky Open Records Act. She seeks compensatory damages, as well as injunctive and/or declaratory relief. [R. 5, pp. 13-18]

In their motion to dismiss, the defendants note that Hatfield has sued each of the named defendants in their official capacity, and asserts a due process claim under the Fourteenth Amendment and a supplemental state law claim under the Kentucky Open Records Act. [R 6-1, pp. 1-2] They further indicate that the Estill County action was not initiated by CHFS, who was not a party to that action, but was likely a divorce or custody proceeding where Bailey was subpoenaed to testify by one of the parties. [R. 6-1, pp. 2-3] While Hatfield alleges that Bailey lied about assaulting her, the incident resulted in Hatfield being charged with Third Degree Assault in Magoffin Circuit Court. Hatfield pled guilty to the lesser charge of criminal harassment, and was

sentenced on July 29, 2013, to ninety days in jail. *Commonwealth v. Hatfield*, No. 11-CR-21 (Magoffin Cir. Ct. 2011). [R. 6-1, p.3]

In their motion to dismiss, the defendants contend that Hatfield's civil rights claims against CHFS and the named defendants in their official capacities are barred by the Eleventh Amendment. [R. 6-1, pp. 4-6, 7-11] They further contend that Hatfield's efforts to effectively overturn the order of the Estill County Family Court's order constitutes a *de facto* appeal barred by the *Rooker-Feldman* doctrine, and over which the court should abstain from exercising jurisdiction under *Younger v. Harris*. [R. 6-1, pp. 12-13] Finally, they indicate that Hatfield's claims implicate the domestic relations exception to the Court's jurisdiction, and that Bailey enjoys absolute immunity for her court testimony. [R. 6-1, pp. 14-16]

## II

When a defendant mounts a facial challenge to the Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court accepts the plaintiff's jurisdictional allegations as true. *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). When a defendant moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts' in the complaint. *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004). A complaint must contain allegations, either expressly stated or necessarily inferred, with respect to every material element necessary to sustain a recovery under some viable legal theory. *Weiner. v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). But the complaint must be dismissed if it undoubtedly fails to allege facts sufficient to state a facially-plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007).

The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In addition, states, state agencies, and state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

It is well-established that CHFS is an "arm of the state" for Eleventh Amendment purposes, and therefore this Court lacks subject matter jurisdiction over Hatfield's claims against it. *Cf. Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013); *Barrett v. Benchmark Family Servs., Inc.*, No. 6:07-406-DCR, 2008 WL 2050996, at *1-2 (E.D. Ky. May 12, 2008). Because an "official capacity" suit against a state employee or official is actually a suit against the state itself, *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008), the Court must likewise dismiss the official capacity claims against each of the defendants. Nor does the rule of *ex parte Young* permit injunctive relief where the plaintiff seeks to compel a different ruling from the Estill County Family Court (an entity which is not a party to this proceeding), and which would not only improperly interfere with a state court custody and visitation determination, *Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010), but would violate the *Rooker-Feldman* doctrine. *Cf. Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009).

The foregoing conclusions therefore require dismissal of the federal civil rights claims against the moving defendants. While Hatfield has in no way contested the defendants' contention that she asserted claims against them solely in their official capacities, the Court notes parenthetically that her claims against them would have failed even if asserted against them in their

4

individual capacities. First, Hatfield contends that defendants Secretary Haynes, supervisors Linder and James, and counsel Womack should be liable because they were negligent in their supervision of Bailey and/or adequately failed to respond to her concerns about Bailey's conduct. But under the civil rights laws, an individual is liable only for his or her own conduct, not the misconduct of others. Thus a plaintiff must allege that a given defendant "[was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). Merely acting as a supervisor is not enough: respondeat superior is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). The Supreme Court has made clear that "[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Hatfield's allegations regarding the conduct of the Secretary and Bailey's supervisors fails to state a due process claim against them. *Lunsford v. Ky. Cabinet for Health & Family Svcs.*, No. 12-58-DLB, 2012 WL 2880577, at *5 (E.D. Ky. July 13, 2012). Second, the due process clause of the Fourteenth Amendment is concerned only with the *intentional* deprivation of liberty or property. Therefore, allegations of negligent deprivations simply fail to state a cognizable claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."). Hatfield's allegations therefore fail to state a claim of constitutional dimension against these CHFS officials.

With respect to Bailey's allegedly false testimony at the hearing in Estill County state court, she is entitled to absolute testimonial immunity. *Rehberg v. Paulk*, __ U.S.__, 132 S. Ct. 1497, 1504-06 (2012) (*citing Brisco v. LaHue*, 460 U.S. 325, 340 (1983)); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) ("[i]t is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings"); *Lunsford*, 2012 WL 2880577, at *6 ("It is well established that social workers who initiate judicial proceedings against those suspected

of child abuse or neglect perform a prosecutorial function and are thus entitled to absolute immunity. The Sixth Circuit has also repeatedly held that social workers are absolutely immune for actions that are 'intimately associated' with the judicial phase of proceedings relating to the welfare of the child") (internal citations omitted).

While Hatfield named Ravonda Russell as a defendant in this action, she has not filed any proof of service into the record as required by Federal Rule of Civil Procedure 4(l), nor otherwise indicated that she served Russell with summons within the 120 days permitted by Rule 4(m). Even assuming that Russell was properly and timely served with process, Russell is not a state employee but a private citizen, and her actions, no matter how discriminatory or wrongful, are not actionable under Section 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). While Hatfield states without amplification that Russell "conspired" with Bailey to present false testimony, this bald allegation fails to satisfy the requirement that conspiracy claims be pled with particularity. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Coley v. Lucas County, Ohio*, No. 309CV8, 2014 WL 272667, at *5-6 (N.D. Ohio Jan. 23, 2014).

The Court therefore concludes that all of Hatfield's federal constitutional claims must be dismissed with prejudice. While the Court possesses pendent jurisdiction over her claim under Kentucky's Open Records Act under 28 U.S.C. § 1367(a), that section also provides that a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of

dismissing supplemental claims."). The Court will therefore dismiss the claims under Kentucky's Open Records Act without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Hatfield's Motion to Re-Submit Response [R. 13] is **DENIED**.

2. The Clerk of the Court shall **STRIKE** Hatfield's Motion to Re-Submit Response [R. 13] and Reply Memorandum [R. 12] from the record.

3. Plaintiff's Motion to Compel Evidence [R. 10] and Motion for Discovery [R. 15] are **DENIED AS MOOT**.

4. Defendants' Motion to Stay [R. 17] is **DENIED AS MOOT.**

5. The defendants' Motion to Dismiss Complaint [R. 6] is **GRANTED**.

6. Plaintiff's federal civil rights claims [R. 5] are **DISMISSED WITH PREJUDICE**; plaintiff's claims under Kentucky's Open Records Act [R. 5] are **DISMISSED WITHOUT PREJUDICE**.

7. The Court will enter a judgment contemporaneously with this Order.

8. This matter is **STRICKEN** from the active docket.

Entered March 25, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY